In the Matter of MATILDA RUPPERT, as Administratrix of the Estate of LOUIS L. RUPPERT, Deceased, Respondent. EMILIA MICHAELS, Appellant.—

Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

MAY METROPOLITAN CORPORATION, Appellant, v. MAY OIL BURNER CORPORATION, Respondent.—

Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

JOHN B. PETTERSON et al., Respondents, v. RADSPI REALTY & COAL CORP. et al., Appellants.—

No opinion. Hagarty, Carswell, Adel and Close, JJ., concur. Lazansky, P. J., concurs as to affirmance of the order but dissents as to affirmance of the judgment and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: The city map was filed in 1916. The property herein was conveyed in 1940. No eminent domain proceeding has been commenced. There was no finding of misrepresentation. Building beyond the line laid out on the city map without the permit mentioned in section 35 of the General City Law (Cons. Laws, ch. 21) is not an encumbrance. Section 35 is unconstitutional. *Headley* v. *City of Rochester* (272 N. Y. 197) is not to the contrary, although it casts a shadow in that direction. The order is resettled accordingly. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

EPHRAIM SUDARSKY, Appellant, v. KESTLER DEVELOPMENT CORPORATION et al., Defendants, and CARL CHRISTENSEN et al., Respondents.—

Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

MARGARET M. DAUPHINEE, as Administratrix of the Estate of JOHN DAUPHINEE, Deceased, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.—

No opinion. Johnston, Adel and Taylor, JJ., concur. Lazansky, P. J., and Close, J., dissent and vote to reverse the judgment and to grant a new trial in order to ascertain possible liability on the "last clear chance" theory, on the ground that there was presented a question of fact for determination by the jury as to the location of the decedent at the time the motorman saw him.